MONTAGUE <em>v.</em> CUMMINGS.

The plaintiff's action was barred by the statute of limitations, and should have been dismissed.

Argued November 5, — Decided December 9, 1903.

Action for damages — attachment. Before Judge Fite. Cherokee superior court. March 20, 1903.

*J. Hodge McLean,* for plaintiff in error.
*R. J. & J. McCamy,* contra.

CANDLER, J. On June 17, 1902, Cummings, the defendant in error, sued out an attachment, in the county court of Dade county, against Montague and Bush, both of whom were residents of Tennessee, and the latter the sheriff of Hamilton county in that State. At the return term he filed his declaration in attachment, in which damages in the sum of $2,000 were claimed, "by reason of an illegal levy of a certain execution against the said Thomas Cummings et al., and in favor of the said T. G. Montague, by process of garnishment, as will be shown hereafter." The declaration further alleged that Bush, as sheriff, by the direction of Montague, did, on the third day of March, 1900, levy a certain execution issued from the courts of Tennessee, in favor of Montague

and others and against the plaintiff and others, for about $1,200, by process of garnishment, which garnishment was served upon various parties therein set forth. These parties, it was alleged, were debtors of the plaintiff, and the levy was in violation of the laws of Tennessee. To this declaration Montague filed demurrers, both general and special, and also a plea in abatement. Various questions are made therein, but for the purposes of this decision it is necessary for us to pass on but one of these, as the ruling thereon disposes of the case. We think that the action was barred by the statute of limitations. The damage alleged in the petition is that the plaintiff was deprived of the use of the funds which it was claimed were in the hands of the parties on whom the process of garnishment was served, and that " his character in the commercial world was greatly damaged." This case was argued before us on the assumption that it was a suit for damages for a malicious abuse of a legal process, and we will so treat it. It claimed damages of a purely personal nature. Whether the limitation imposed upon such actions by the law of Tennessee, or that of the Georgia law, is applicable to the case in hand does not seem to have been clear to counsel for the plaintiff in error, as he contends that under either law the action was barred. In *Selma R. Co. v. Lacey,* 49 *Ga.* 107, it was held that where the law of the State which gives the right to recover limits the time within which an action may be instituted to one year from the time the right of action accrued, such a suit could not be brought in this State after the lapse of that time. This ruling was followed and approved in *Akin* v. *Freeman,* 49 *Ga.* 65, and again in the case of *O'Shields* v. *Georgia Pacific R. Co.* 83 *Ga.* 625. The case last cited, however, while approving the holding in the *Lacey* case, differentiates cases where the statute which creates or confers the right of action limits the duration of such right to a prescribed time, from those where the statute creating the right relies for a limitation upon a statute of a general nature. Generally in applying a statute of limitations, the law of the forum governs. *Krogg* v. *R. Co.,* 77 *Ga.* 217; *O'Shields* v. *R. Co.,* supra. Applying the reasoning of Chief Justice Bleckley in the *O'Shields* case, supra, to the case at bar, it would seem that although the acts complained of in the petition were not unlawful in this State, but only under the law of Tennessee, yet inasmuch as the Tennes-

see statute providing for the right of action does not prescribe any limitation upon the time within which suit may be brought, the general statute governing such suits is applicable; and that our statute of limitations, fixing two years as the period within which such an action may be brought, is in point, although, applying either the Tennessee or the Georgia law, the action was barred on June 17, 1902.

By an amendment to his petition the plaintiff set out the Tennessee statute relied on, which provides that "after a creditor or creditors recover final judgment against a debtor or debtors, such creditor or creditors may have it at his, her, or their options to summons garnishees in the same manner and under the same rules and restrictions as in case of absconding debtors, and such garnishee or garnishees shall be proceeded against in the same way, and shall be liable in the same manner as they would be in case of absconding debtors: provided, that it shall not be lawful for the sheriff or other officers to summons any garnishee pursuant to the provisions of this act, if he can find property of the debtors in his county sufficient to satisfy the execution in his hands." The amendment alleged, that, in levying the execution upon the plaintiff by serving process of garnishment upon persons who were indebted to him, the defendants were actuated by the willful and malicious purpose of annoying, harassing, and injuring him, and thereby destroying his credit and financial standing. It was also alleged that on September 17, 1900, the levy of the garnishment proceedings was voluntarily dismissed by the plaintiffs therein, and it was contended that the statute of limitations did not begin to run against the plaintiff until the date last mentioned. In making this contention counsel for the plaintiff has confused the law applicable to suits for damages on account of malicious prosecution with that relating to suits founded on the alleged malicious abuse of legal process. In the former class of suits it is uniformly held, and inferentially is so provided by the Civil Code, § 3830, that the statute begins to run from the time the prosecution on account of which suit is brought is ended; and a suit for damages can not be maintained until the conclusion of such prosecution. On the other hand, an action for damages for the abuse of legal process may be maintained before the action in which such process was issued is terminated. 19 Am. & Eng. Enc. L. (2d ed.)

631; 632; *Printup* v. *Smith,* 74 *Ga.* 157; Newell on Malicious Prosecution, § 7. It necessarily follows that the statute begins to run from the time the acts complained of were committed. We are therefore clear that, upon this question having been properly raised by the pleadings in the court below, the plaintiff's petition should have been dismissed.

*Judgment reversed. All the Justices concur.*