29437.   GAFFE *v.* WILLIAMS.

SUTTON, J.   1. "Where a suit upon a written contract executed and to be performed in another State is brought in a court of this State, the question whether or not the plaintiff's right of action is barred, being one relating exclusively to the remedy, must be determined with reference to the limitation laws of Georgia." *Obear* v. *First National Bank,* 97 *Ga.* 587 (25 S. E. 335, 33 L. R. A. 384) ; *Thomas* v. *Clarkson,* 125 *Ga.* 72 (54 S. E. 77, 6 L. R. A. (N. S.) 658).

2. "Actions upon bonds or other instruments under seal shall be brought within 20 years after the right of action shall have accrued, but no instrument shall be considered under seal unless so recited in the body of the instrument." Code, § 3-703. Under the law of this State a promissory note executed in another State, which does not contain a recital in the body thereof that it is under seal, is not a sealed instrument upon which suit may be brought at any time within twenty years after the right of action shall have accrued, although the word "seal" is written after the signature to the note. *Gaffe* v. *Williams,* 194 *Ga.* 673 (22 S. E. 2d, 512).

3. The petition and copy of note attached thereto showing that the note sued on was one executed and to be performed in another State, but that it was due on September 15, 1929, and that suit thereon was not brought until twelve years after maturity of the note, which contained no recital that it was under seal, the note was not an instrument upon which an action might be brought at any time within twenty years after the right of action accrued, but one upon which suit must be brought within six years as provided by Code § 3-705. The trial court properly sustained the general ground of the defendant's demurrer that the petition showed on its face that the action was barred by the statute of limitations of this State and thus disposed of the entire case, and the judge of the superior court did not err in refusing to sanction the plaintiff's petition for certiorari.

4. A recital in a note that the maker agrees to be liable thereon until fully paid does not constitute a waiver of the statute of limitations but goes

only to a question of substantive law, liability under the instrument, and gives to the plaintiff no more right in this respect than already afforded him by the law.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*

DECIDED NOVEMBER 12, 1942.

*Robert Solomon Horne,* for plaintiff.
*E. P. Johnston,* for defendant.