### 29878. BRANHAM *v.* LOUISVILLE AND NASHVILLE RAILROAD COMPANY *et al.*

DECIDED MARCH 9, 1943. REHEARING DENIED MARCH 26, 1943.

*Pierce Brothers, E. J. Best,* for plaintiff.
*Cumming, Harper & Nixon,* for defendants.

STEPHENS, P. J. Wattola Branham instituted suit for damages against the Louisville and Nashville Railroad Company and the Atlantic Coast Line Railroad Company, in which she alleged, that on April 2, 1940, while she was traveling as a passenger on one of the trains operated on the line of railroad of the Western Railway Company of Alabama, and while such train was about twenty miles east of Montgomery, Alabama, she was injured by the negligent operation of the train; that the Western Railway Company of Alabama has a line of railroad extending from Montgomery to Atlanta, Georgia; that "said railroad company is leased by said Louisville & Nashville Railroad Company and the Atlantic Coast Line Railroad Company, who operate the same and haul passengers for hire and who were so engaged on the 2nd day of April, 1940;" and that each of the defendants has an agent, agency and place of business in Richmond County, Georgia.

In the defendants' answer they denied liability, denied that they or either of them operated the Western Railway of Alabama as lessee, and denied that the train on which the plaintiff was traveling at the time she was injured was operated by these defendants

or either of them. They also pleaded to the jurisdiction, setting up, among other things, that they were not lessees of the Western Railway of Alabama. This plea was heard before the judge, who tried it on the pleadings and an agreed statement of facts, from which it affirmatively appeared that the defendants were not lessees of the Western Railway of Alabama, but that they held in trust, by virtue of a transfer thereof by the Georgia Railroad & Banking Company to the defendants as assignees of William M. Wadley, 14,997 shares of the capital stock of the Western Railway of Alabama, "with the right to the possession of those shares of stock and the right to collect and use the dividends thereon;" which stock was to be so held in trust during the remainder of the Georgia Railroad lease to William M. Wadley, which was a 99-year lease, dated April 1, 1881, and which was assigned to these defendants. It appeared that the Western Railway of Alabama was incorporated for $3,000,000; 30,000 shares of stock at $100 each. The judge sustained the plea, and the plaintiff excepted.

The fact that the defendants are owners of a part of the capital stock of the Western Railway of Alabama, on the line which the plaintiff was injured, would not render them liable as stockholders for personal injuries caused by the negligent operation of its trains by the Western Railway of Alabama. The defendants, as stockholders, are separate and apart from the railroad corporation, the stock of which they hold in trust. These defendants would be no more liable as stockholders than would the owners and holders of the remaining 15,003 shares of the stock of the Western Railway of Alabama. See Pullman's Palace Car Co. v. Missouri Pacific Railway Co., 115 U. S. 587, 596 (6 Sup. Ct. 194, 29 L. ed. 499); Peterson v. Chicago, Rock Island & Pacific Railroad Co., 205 U. S. 364 (27 Sup. Ct. 513, 51 L. ed. 841). In view of the fact that it affirmatively appears that the defendants do not operate the Western Railway Company of Alabama as lessees, the decision of this court in L. & N. R. Co. v. Meredith, 66 Ga. App. 488 (18 S. E. 2d, 51), is distinguishable. The judge did not err in sustaining the plea to the jurisdiction.

*Judgment affirmed. Sutton and Felton, JJ., concur.*