47574.  McCLAIN et al. v. LAURENS GLASS COMPANY.
47575.  McCLAIN et al. v. UNDERWOOD GLASS COMPANY.

DEEN, Judge. The McClains d/b/a Double Cola Bottling Co., bring this appeal on certificates of review from judgments striking certain defenses in their answers to suits on open account. It appears from the pleadings that, after incurring the indebtedness which is the subject matter of these actions, the McClains sold their business to a purchaser who, shortly thereafter, filed bankruptcy proceedings. The provisions of the Bulk Sales Act (*Code Ann. Ch.* 109A-6) were fully complied with. The appellees were listed as creditors, and were also given notice of the bankruptcy proceedings of the transferee, but filed no claims therein. The defenses which were stricken on motion contend that no claim is stated, that plaintiffs received a creditor's notice as required by *Code Ann.* § 109A-6—105 reciting that the purchaser had agreed to pay the balance owing on the debts, did not dispute the same or take any action and did not file a claim in the bankruptcy proceedings, and are therefore not entitled to proceed against the appellants, the original debtors.

These defenses were properly stricken. The creditors are proceeding at law, not in equity, and no statutory period of limitation is involved. They are, in consequence, not guilty of laches which would bar the suit. The Bulk Sales Act has no language which compels the creditors of a debtor who thereafter sells to another in bulk to look to the latter for payment, whether or not as between the debtor and his transferee there is an agreement that the latter will pay the debt, where the original seller has not agreed to substitute the transferee in the place of the purchaser and is a stranger to the contract between the latter. Its purpose is not to eliminate a remedy of the original seller, but rather to protect him on a contractual indebtedness assumed to have been made at least partly on the implication of solvency of the purchaser

arising from his ownership of the inventory of a going business. As stated in Kock, Georgia Commercial Practice, § 6-4, p. 149, "the effect of this bulk sales legislation is to require the transferee to help in creditor protection, principally a matter of giving notice, if he wants to ensure that they cannot reach the goods in his hands after he has paid for them. The creditors who are intended to be protected are the unsecured creditors the transferor had before the time of the transfer. . . Unless the transferee complies with the requirements of the statute, these creditors may pursue the goods as though they still belonged to the transferor. . ." But the act does not inhibit these creditors, where the statute has been complied with, from obtaining a judgment against the original purchaser who received the goods and contracted with the supplier to pay for them; compliance with its provisions merely prevents the creditors, after judgment, from levying on property title to which has passed out of the hands of the judgment debtor.

This case would properly go to trial on the second and third defenses only, which raise the issues of the amount, if any, owing to the plaintiffs on their accounts.

*Judgments affirmed. Eberhardt, P. J., and Clark, J., concur.*

ARGUED OCTOBER 6, 1972—DECIDED OCTOBER 16, 1972.

*George N. Skene,* for appellants.
*Adams, O'Neal & Hemingway, Jerome L. Kaplan, Thomas W. Talbot,* for appellees.