47401. AMERICAN EXPRESS COMPANY, S. A. I. v. BOMAR SHOE COMPANY et al.

Stolz, Judge. American Express Co., S. A. I., sued Bomar Shoe Co. and H. & A. Shoe Co. as transferee of Bomar Shoe Co., in three counts. The dismissal of Counts 1 and 2 was affirmed by this court in *American Express Co., S. A. I. v. Bomar Shoe Co.,* 125 Ga. App. 408 (187 SE2d 922). Count 3 as amended seeks damages for fraud, alleging that defendant H. & A. is a wholly-owned subsidiary of Brown Shoe Co., Inc., another creditor of defendant Bomar; that Bomar was indebted to Brown, as well as to the plaintiff; that, in order to avoid the just debt to the plaintiff, the defendants, with full knowledge of the plaintiff's claim against Bomar, conspired to defraud the plaintiff by making a substantial bulk transfer of Bomar's property to satisfy the debts owed Brown and various other creditors, without giving the proper notice thereof to the plaintiff.

The trial judge sustained the motion of defendant H. & A. to dismiss Count 3 as amended, and the complaint against that defendant was dismissed with prejudice, from which judgment the plaintiff appeals. *Held:*

"A debt due from one person can not be satisfied by the recovery of damages from another person, unconnected with and a stranger to it, without some statute provision." *Graves v. Horton,* 132 Ga. 786, 791 (65 SE 112, 26 LRA (NS) 545). A review of the record shows that the only statute conceivably applicable in this case is the Uniform Commercial Code Bulk Transfers Act (*Code Ann.* § 109A-6—101 et seq.; Ga. L. 1962, pp. 156, 321 et seq.). However, this Act permits only an in rem action

against the transferred goods or the proceeds therefrom, not an in personam action against the transferee, such as the plaintiff's present action against defendant H. & A. See *American Express Co., S. A. I. v. Bomar Shoe Co.,* supra.

Therefore, Count 3 failed to state a claim against defendant H. & A., and the complaint was properly dismissed with prejudice as to that defendant.

*Judgment affirmed. Bell, C. J., concurs. Evans, J., concurs in the judgment only.*

ARGUED SEPTEMBER 5, 1972—DECIDED JANUARY 15, 1973.

*Wilkinson, Nance & Wittner, Sheldon R. Wittner,* for appellant.

*Hansell, Post, Brandon & Dorsey, Terrence Lee Croft, Bryan, Cabe, McPheeters & McRoberts, Veryl L. Riddle, Robert F. Scoular,* for appellees.