## 48542. COLLINS v. BOOKER et al.

EBERHARDT, Presiding Judge. Joseph Booker, a taxicab operator, was a member of the Atlanta Car for Hire Association, Inc., which, in consideration of the payment of stated dues, provided dispatching services to its members and a liability insurance coverage, agreeing to effect settlement of lawful claims against the member or pay judgments obtained against him upon claims arising out of the operation of his taxicab. Each member provided his own taxicab, obtained a license from the city for its operation, paid the operating expenses, and kept the fares received from transporting passengers. See *Styles v. Dennard,* 97 Ga. App. 635 (104 SE2d 258) and *Atlanta Car for Hire Association, Inc. v. Ware,* 112 Ga. App. 668 (145 SE2d 813), holding this type of arrangement to be one of independent contractor between the association and the taxicab owner or member.

Booker's cab struck the vehicle of Collins in the rear, causing damage to the vehicle and personal injury to the owner. Booker referred the claim of Collins to the association, and the association, after investigation, agreed to have repairs made to the Collins vehicle and to make certain payments to Collins and to Richard J. Williams, who was driving the Collins vehicle at the time of the occurrence. Collins was instructed by the association (through its president) to take her car to New Car Body Shop, where it would be repaired. This she did and within

a matter of about two weeks the car was repaired and ready for delivery upon payment of the charges for the work done. Collins went to Atlanta Car for Hire and asked that it make payment to the garage, whereupon it wrote a check for the amount payable to Collins, Williams and the New Car Body Shop, carrying a general release upon indorsement by the payees. Collins objected to the release and refused to accept or to indorse the check. Without payment of the repairs New Car Body Shop refused to deliver the car.

Thereafter Collins brought trover against New Car Body Shop for the car, and upon trial thereof approximately a year after the time of the accident, plaintiff elected to take a property verdict and the jury returned a verdict for the plaintiff, without any hire.

Collins then brought suit against Booker and Atlanta Car for Hire seeking recovery of damages for personal injuries, for damage to her car resulting in diminution of its market value, and by amendment sought to recover for loss of use from the date of the accident to the time of the verdict and judgment in the trover action.

Defendants in the negligence action moved to strike from the petition, as amended, the allegations relative to loss of use on the ground that the judgment in the trover action had resolved that issue against the plaintiff and was res judicata. The motion to strike was sustained and certified for appeal. *Held:*

1. While it appears from the evidence in the record that Atlanta Car for Hire and New Car Body Shop were each incorporated by the same people and that each had the same officers, that does not show identity of the two as one corporation. *Waycross Air-Line R. Co. v. Offerman & Western R. Co.,* 109 Ga. 827 (35 SE 275); *Savannah Ice Co. v. Canal-Louisiana Bank & Trust Co.,* 12 Ga. App. 818 (7) (79 SE 45); *Marshall v. Citizens & Southern Nat. Bank,* 54 Ga. App. 123, 129 (187 SE 240); *Small v. NuGrape Co. of America,* 46 Ga. App. 306, 308 (167 SE 607); *Commonwealth United Corp. v. Rothberg,* 221 Ga. 175, 176 (143 SE2d 741); *Jolles v. Holiday Builders, Inc.,* 222 Ga. 358, 360 (149 SE2d 814); *Shingler v. Shingler,* 184 Ga. 671, 672 (192 SE 824); *Heath v. Atlanta Beer Distributing Co.,* 56 Ga. App. 494, 496 (193 SE 73); *Schwob Mfg. Co. v. Huiet,* 69 Ga. App. 285 (1) (25 SE 149); *Porter v. Wootten,* 51 Ga. App. 834 (1) (181 SE 866). Though one corporation may own a majority of the stock in another, this does not render it liable for the other's negligence. *Branham v. Louisville & N. R. Co.,* 69 Ga. App. 212 (24 SE2d 845).

2. Relative to the trover action between Collins and New Car Body Shop, nothing appears in the record except a certified copy of the general verdict for the plaintiff and the judgment following, awarding the property to plaintiff, without hire. It does not appear upon what basis the verdict was rendered. It does appear that the car was delivered to New Car Body Shop for repairs with the consent of both Atlanta Car for Hire and Collins, and thus it was entitled to retain possession of the property until it received payment for the work done on it. Code Ann. § 67-2003. We can only surmise that payment of the claim for repairs was made prior to verdict by either Collins or Atlanta Car for Hire. Be that as it may, it does not appear that any claim for loss of use or for hire would arise in favor of Collins against New Car Body Shop so long as it retained the car to protect its lien for the work done, and this may explain the absence of any allowance for hire in the verdict.

3. Since the repairs to the car appear to have been made at the instance of Atlanta Car for Hire, it would be liable to Collins for the reasonable rental value during her loss of use resulting from wrongful action on the part of Atlanta Car for Hire, or for unreasonable delay in completing the work. *Dependable Ins. Co. v. Gibbs,* 218 Ga. 305, 314 (127 SE2d 454); *Travelers Ind. Co. v. Cumbie,* 128 Ga. App. 723 (2, 3) (197 SE2d 783).

4. There is no identity of parties in the trover action and this negligence action, consequently the verdict and judgment in the trover action do not operate as res judicata here. *Blakewood v. Yellow Cab Co. of Savannah,* 61 Ga. App. 149 (4) (6 SE2d 126); *Harris v. Jacksonville Paper Co.,* 67 Ga. App. 759, 765 (21 SE2d 537); *Stanley v. Laurens County Board of Education,* 188 Ga. 581 (2) (4 SE2d 164); *Lewis v. Price,* 104 Ga. App. 473 (122 SE2d 129).

5. It does not appear that the pleadings or the evidence in the trover case were introduced in this case; consequently it does not appear whether the issue of loss of use or of rental on the plaintiff's vehicle during the time it was held after affording a reasonable opportunity for making repairs was litigated in the trover action, and, assuming, but not deciding, that there is contractual privity between Atlanta Car for Hire and New Car Body Shop which authorizes invoking the rule, the judgment in that case can not serve as estoppel by judgment here. *Smith v. Wood,* 115 Ga. App. 265 (154 SE2d 646); *Atkins v. Bituminous Cas. Corp.,* 124 Ga. App. 1 (2, 3) (183 SE2d 1).

6. Questions as to whether under the facts here plaintiff is entitled

to proceed jointly against Booker, the owner and operator of the taxicab, and Atlanta Car for Hire Association, or against the Atlanta Car for Hire Association before obtaining judgment against Booker, or independently against the Association, are not made here and we express no opinion as to them.

7. Since the allegations of the amendment to the petition, relative to loss of use of the vehicle, were stricken on the erroneous legal theory that the judgment in the trover action operated as res judicata against the plaintiff, the judgment appealed from must be reversed.

*Judgment reversed. Pannell and Stolz, JJ., concur.*

ARGUED SEPTEMBER 5, 1973 — DECIDED SEPTEMBER 20, 1973 — REHEARING DENIED OCTOBER 5, 1973 — 

*Webb, Parker, Young & Ferguson, Harold T. Daniel, Jr.,* for appellant.

*Murray & Temple, William D. Temple,* for appellees.