Submitted on record and appellant's brief February 6, reversed
and remanded March 4, 1974

STATE ᴇx ʀᴇʟ NILSEN, *Appellant, v.* BEN
JACQUES CHEVROLET BUICK, INC. ᴇᴛ ᴀʟ,
*Respondents.*

520 P2d 366

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Al J. Laue, Assistant Attorney General, Salem, for appellant.

No appearance for respondents.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

SCHWAB, C. J.

This is an appeal from a judgment dismissing a claim for unpaid wages owing to one Billy Perkins. The action for these wages was brought by plaintiff Labor Commissioner against the business successor to the debtor employer under the provisions of ORS 652.330, which provides in pertinent part:

"(1) The commissioner * * * may:
"* * * * *

"(b) Take assignments * * * of wage claims * * *. The commissioner may sue employers on wage claims * * * thus assigned * * *.",

and ORS 652.310 (1), which states that " 'Employer' * * * includes any successor to the business of any employer * * *." The trial judge dismissed on the ground that the claim was barred by the six-month limitation period expressed in ORS 76.1110[1] which is a portion of the Uniform Commercial Code—Bulk Transfer Law—ORS 76.1010 to 76.1110. For the rea-

---

[1] "No action under ORS 76.1010 to 76.1110 shall be brought nor levy made more than six months after the date on which the transferee took possession of the goods unless the transfer has been concealed. If the transfer has been concealed, actions may be brought or levies made within six months after its discovery." ORS 76.1110.

sons which follow we hold that the provisions of the Bulk Transfer Law have no application to the personal liability of an employer for unpaid wages, and that the action here was timely brought.

Perkins was employed by the Ganger & Grover Motor Co., an automobile dealership. He was discharged in August 1966, at which time he was owed back wages of $362.54 covering a 1965 vacation period. In December of 1968 Ganger & Grover Motor Co. sold its assets to one Ben Jacques, who immediately transferred those assets to Ben Jacques Chevrolet Buick, Inc., which thereafter operated the dealership formerly operated by Ganger & Grover. The record indicates that Ben Jacques was president and sole stockholder of Ben Jacques Chevrolet Buick, Inc. More than 10 days prior to the transfer of the assets a transferee's notice to creditors as required by ORS 76.1050[2] was mailed to Perkins. Thereafter Perkins assigned his claim for unpaid wages to the Labor Commissioner who, on November 4, 1970, brought this action against Ben Jacques Chevrolet Buick, Inc.

■ Generally speaking, the Bulk Transfer Law has no effect on contractual liability. Its purpose is, under certain circumstances, to make assets transferred from the debtor to a third party available for satisfaction of the debt. Unpaid wages constitute a contractual debt to an employe. By virtue of ORS 652.310 (1), one who succeeds to the business of an employer who has failed to pay his workman wages due, assumes and

---

[2] "In addition to the requirements of ORS 76.1040, any bulk transfer subject to ORS 76.1010 to 76.1110 except one made by auction sale pursuant to ORS 76.1080 is ineffective against any creditor of the transferor unless at least 10 days before he takes possession of the goods or pays for them, whichever happens first, the transferee gives notice of the transfer in the manner provided and to the persons prescribed in ORS 76.1070." ORS 76.1050.

becomes personally obligated under the employment contract. There is no special statute of limitations pertaining to contracts for the payment of wages. Therefore, the general six-year statute of limitations, ORS 12.080,[9] applies.

■ Here, Ben Jacques Chevrolet Buick, Inc. was a successor to the business of Ganger & Grover, and the action was brought within six years of the time the unpaid wages became due.

Reversed and remanded.

---

[9] "(1) An action upon a contract or liability, express or implied, excepting those mentioned in ORS 12.070 and 12.110 and except as otherwise provided in ORS 72.7250;

"(2) An action upon a liability created by statute, other than a penalty or forfeiture, excepting those mentioned in ORS 12.110;

"* * * * *

shall be commenced within six years." ORS 12.080.