## 50010. CHARLES S. MARTIN DISTRIBUTING COMPANY v. INDON INDUSTRIES, INC.

PANNELL, Presiding Judge.

This action was begun in the Civil Court of Fulton County by the plaintiff-appellant as the holder of a security interest retaining title upon goods sold, and which security interest was duly recorded in the State of South Carolina, the complaint seeking to recover the unpaid purchase price ($4,377.72) plus interest thereon of certain goods sold by plaintiff to the debtor as against a transferee of the debtor under a bulk sale, as defined by the laws of South Carolina, and which sale occurred in South Carolina, the goods having been disposed of by the transferee. By amendment, plaintiff alleged the sale and transfer was fraudulent in that no proper notice was given plaintiff of such sale, and alleged further that promises to pay by the transferee were fraudulently made so as to induce plaintiff to refrain from taking any action until the time for bringing actions had expired under the South Carolina statute, which contained a six months limitation, and which defendant claims is controlling. The amendment further sought punitive damages, and substituted a prayer demanding judgment "in the amount of $4,377.72 compensatory damages, and $20,000 aggravative [sic] damages." Defendant's motion for summary judgment was granted and plaintiff-creditor

appealed. *Held:*

"*Where a statute creates a new right* and at the same time prescribes a period within which it may be enforced, its enforcement within that period is a condition precedent to its existence; so much so that if not enforced within that time, it will be completely annihilated, and not merely rendered unenforceable. In such case, if such right is sought to be enforced after it is barred by the law of the state of its creation, in a state whose statute the right would not as yet be barred, the statute of the former state and not of the latter will be operative." 20 Encyclopedia of Georgia Law, 204, Limitation of Actions, § 32.

It will be seen from a reading of the above that the key to the solution of the problem here is whether the South Carolina bulk sales law creates any causes or rights of action, or whether the statutory limitation of actions merely applies to causes of rights of actions already possessed by the creditor and is one as to the remedy only. If the latter, the South Carolina statute of limitation will not be enforced in this state, but on the contrary, this state's statute of limitation will be enforced; the law of the forum. See in this connection, *Fimian v. Atkinson Co.,* 209 Ga. 113 (70 SE2d 762); *Gaffe v. Williams,* 68 Ga. App. 299. (22 SE2d 765); *Southern R. Co. v. Diseker,* 13 Ga. App. 799 (81 SE 269); *Montague v. Cummings,* 119 Ga. 139, 140 (45 SE 979); *Thomas v. Clarkson,* 125 Ga. 72 (54 SE 77); *Wynn v. Lee,* 5 Ga. 217; *Selma, R. &c. R. Co. v. Lacey,* 49 Ga. 106; *O'Shields v. Georgia Pac. R. Co.,* 83 Ga. 621 (10 SE 268); *Murray v. Taylor,* 130 Ga. App. 129 (202 SE2d 512).

Both Georgia and South Carolina have generally adopted the Uniform Commercial Code, and the statute of limitation of South Carolina and that of Georgia are identical in language, with the exception of time limitation, six months in South Carolina and one year in Georgia. See, Code § 109A-6—111; South Carolina Code § 10.6-111. It is apparent that the U. C. C. does not create any causes of action or rights of action. As was said in Matthew Bender's Sales & Bulk Transfers under U. C. C., Vol 3A, § 15.08, p. 15-44, "[w]here there is no compliance with one or more of the requirements of Article 6, the most important matter with regard to the

creditors affected is what their rights will then be. In so many words, the Code is completely silent. In Section 6-111, the only reference with regard to creditors is that no action shall be brought nor levy made more than six months after transferee obtains possession of the goods. The use of the words action and levy should be deemed very broad so as to include whatever remedial relief is afforded by state law outside of the Code. Article 6, itself, does not specify the type or nature of action that must be taken by an affected creditor in order to invalidate the transfer in the short six-month period of time." We gather from this, therefore, that the South Carolina U. C. C. does not create causes of actions or right of actions, and none has been pointed out to this court. Accordingly, under the above decisions, we must hold that the Georgia statute of limitation of one year rather than the South Carolina limitation of 6 months controls. The action brought by the appellant here was not barred by the statute of limitation, it having been brought within the one year required under the statute of the forum.

2. While the creditor-appellant could not have proceeded against the transferee in personam on the account owed by the debtor, this being an action on contract (*Albertson v. Williams,* 108 Ga. App. 627 (133 SE2d 897); *McInvale v. Tifton Air Service,* 119 Ga. App. 821 (168 SE2d 898); *American Express S. A. I. v. Bomar Shoe Co.,* 125 Ga. App. 408, (187 SE2d 922)) and could not, in the Civil Court of Fulton County, a court without equity jurisdiction, have enforced an implied trust against the transferee (*Leachman v. Cobb Development Co.,* 226 Ga. 103 (172 SE2d 688)), it could proceed under the basis of its security interest in the property transferred by the debtor, of which the transferee had record notice and possibly actual notice, on the theory of conversion and recover the value of the converted property, but not to exceed the amount of the debt. See Title 107, Chapter 1 of the Georgia Code; *International Harvester Credit Corp. v. Commercial Credit Equipment Corp.,* 125 Ga. App. 477 (188 SE2d 110); *Strother Ford v. First National Bank of Maryland,* 132 Ga. App. 268 (208 SE2d 25); see also, *Mitchell v. Ga. & Ala. R.,* 111 Ga. 760 (36 SE 971) as to the nature of an action for conversion.

The complaint, as amended, was a sufficient compliance with the requirements of Section 111 of the C. P. A. (Ga. L. 1966, pp. 609, 675; Code Ann. § 81A-311).

3. Upon application of the above rulings to the facts of the present case, the trial court erred in granting summary judgment in favor of the defendant-appellee.

*Judgment reversed. Quillian and Clark, JJ., concur.*

ARGUED JANUARY 9, 1975 — DECIDED FEBRUARY 12, 1975 — REHEARING DENIED MARCH 6, 1975 —

*Dunaway, Haas & Broome, Henry R. Stringfellow,* for appellant.

*Hugh M. Dorsey, III,* for appellee.