29989. INDON INDUSTRIES, INC. v. CHARLES S. MARTIN DISTRIBUTING COMPANY, INC.

HALL, Justice.

This case is here on certiorari from the Court of Appeals, and involves the question whether the South Carolina or Georgia statute of limitation applies in an action based on an alleged violation of the bulk sales provisions of the Uniform Commercial Code (Article 6 of the UCC).

Petitioner, Indon, a Delaware corporation, purchased the inventory and equipment of a South Carolina mobile home dealer and subsequently transferred the items purchased to another party. Respondent, Martin, was a creditor of the mobile home dealer with a security interest in the goods. Unable to collect on its account with the original dealer-transferor, Martin sued Indon in the Civil Court of Fulton County, alleging that Indon had failed to give notice as required of a bulk transferee under South Carolina Code § 10.6-105. Indon moved for summary judgment on the ground, among others, that the South Carolina statute of limitation was controlling and barred the action. The trial

court granted the motion; the Court of Appeals reversed on appeal.

Georgia Code Ann. § 109A-6—111 provides the following statute of limitation for violation of the bulk sales provisions: "No action under this Article shall be brought nor levy made more than *12 months* after the date on which the transferee took possession of the goods unless the transfer has been concealed. If the transfer has been concealed, actions may be brought or levies made within 12 months after its discovery." (Emphasis supplied.) South Carolina has the same provisions except that the time period is six months. South Carolina Code § 10.6-111. There are no allegations of concealment.

The applicable conflict of laws rule was reiterated by this court in *Taylor v. Murray,* 231 Ga. 852 (204 SE2d 747), where Georgia's two-year statute of limitation was applied in a wrongful death action, although the foreign jurisdiction had a six-year statute. The court stated: (p. 853): " 'In accordance with the fundamental principle of law that matters pertaining to the remedy are governed by the law of the state . . . where suit is brought, rather than that in which the cause of action arose, it is well settled that the Statute of Limitations of the . . . state, where the action is brought and the remedy is sought to be enforced, controls . . . However, where the foreign statute creating a cause of action not known to the common law prescribes a shorter period in which action may be commenced than that prescribed by the law of the place where the action is brought, the former . . . governs, and no action can be maintained in any jurisdiction, foreign or domestic, after the expiration of such period, since the limitation is, in such a case, a qualification or condition upon the cause of action itself . . .' " quoting 68 ALR 217. Accord, *Fimian v. Guy F. Atkinson Co.,* 209 Ga. 113 (70 SE2d 762); *Montague v. Cummings,* 119 Ga. 139 (45 SE 979); *Selma, R. & D. R. Co. v. Lacey,* 49 Ga. 106.

In applying this rule, the Court of Appeals reasoned that the South Carolina bulk sales law did not create any new cause or right of action, but that the statute merely made common law remedies applicable to rights of action already possessed by the creditor. In doing so, the Court of Appeals relied on 3 (a) Bender, Uniform Commercial Code

Service § 15.08 (1974). We find such reliance misplaced. Though it is true that the Uniform Commercial Code does not set out any specific remedy open to the creditor for violation of the bulk transfer provisions, and that the remedies at common law are available to him (*American Express Co., S. A. I. v. Bomar Shoe Co.,* 125 Ga. App. 408 (187 SE2d 922)), the right to use these remedies against the transferee is established by the statute itself.

It is clear from the comments to the Uniform Commercial Code made by its drafters that the purpose of Chapter Six is to deal with two common forms of fraud where merchants owing debts sell out to a friend for less than adequate consideration and then pay less than is owed to their creditors, or sell out, pocket the money and disappear, leaving the creditors unpaid. Accord, *McClain v. Laurens Glass Co.,* 127 Ga. App. 316 (193 SE2d 194). In order to combat this activity, the Uniform Commercial Code imposes a responsibility to the creditors upon the third party buying the merchant's business to give notice of the sale. This gives the creditors an opportunity to intervene, if the sale is fraudulent as to their rights, before the sale is consummated. If the transferee fails to comply with this notice provision, the creditor may assert against the transferee the same rights he could assert against the transferor in order to satisfy the debt. See, Kock, Georgia Commercial Practice § 6-4 (1964). Thus, the statute creates a new right in the creditor against the bulk transferee.

In *Cooney Eckstein & Co. v. Sweat,* 133 Ga. 511 (66 SE 257), this court considered the 1903 state bulk sales act (Ga. L. 1903, p. 92), which is a prototype of the uniform act now adopted by this state. Code Ann. Ch. 109A-6 (Ga. L. 1962, pp. 156, 321). The court said: *"The act is in derogation of the common law,* and of a person's right to alienate his property without restriction and is therefore to be strictly construed." (Emphasis supplied.) Accord, Smith v. Boyer, 119 S. C. 176 (112 SE 71).

In addition the drafters of the Uniform Commercial Code made clear in their Comments to UCC § 6-111, in explaining the reason for the short statute of limitation, that "this Article imposes unusual obligations on buyers of property."

It thus seems clear that in imposing an obligation upon a third party buyer (transferee) and allowing a cause of action against that party for breach of this obligation, the statute creates a right in the creditor not known at common law. Therefore, in accordance with *Taylor v. Murray,* supra, the statute of limitation of the state creating the statute controls. Since it is uncontroverted that South Carolina substantive law is appropriate in this case as the entire transaction took place there, UCC § 6-102(4) the shorter South Carolina statute of limitation must be applied.

The cases cited by the respondent, *Gaffe v. Williams,* 68 Ga. App. 299 (22 SE2d 765), affd. 194 Ga. 673 (22 SE2d 512); State v. Ben Jacques Chevrolet Buick, 16 Or. App. 552 (520 P2d 366, 14 UCC Rep. 759); and Moskowitz v. Michaels Artists & Engineering Supplies, 29 Colo. App. 44 (477 P2d 465, 9 UCC Rep. 892), are inapposite and do not dictate a contrary result. The Court of Appeals erred in holding that the Georgia statute of limitation controls.

Respondent Martin also contends that Indon is estopped to plead the statute of limitation as a bar to this action. Claiming that Martin was lulled by Indon's offer of settlement into allowing the six months to run, and that certain letters sent by Indon to Martin establish a definite promise to pay, Martin asserts a fraud on the part of Indon which would toll the statute of limitation. Code Ann. § 3-807; *Stephens v. Walker,* 193 Ga. 330 (18 SE2d 537); *Bank of Jonesboro v. Carnes,* 187 Ga. 795 (2 SE2d 495). Martin's allegations of fraud have not been pierced by Indon's showing on the motion for summary judgment. Therefore, Indon failed to carry the burden on the motion and the trial court erred in entering summary judgment. If Martin can sustain its burden of proof on the issue of fraud at the trial, the statute of limitation urged by defendant as a bar to plaintiff's claim would be tolled. *Stephens v. Walker,* supra.

The judgment of the Court of Appeals holding that the trial court erred in granting summary judgment is affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 11, 1975 — DECIDED SEPTEMBER 2, 1975.

*Hugh M. Dorsey, III,* for appellant.
*Henry R. Stringfellow,* for appellee.