## 34947. JOHNSON v. VINCENT BRASS & ALUMINUM COMPANY.

MARSHALL, Justice.

The present case, which is here on certiorari, concerns the application and construction of Article 6 of the UCC (Code Ch. 109A-6), governing bulk transfers. Here is what happened:

G. R. Johnson entered into an employment contract with Mid States Screw & Bolt Company in 1974. Johnson's term of employment extended through December 31, 1976. In the employment contract, Mid States agreed that if Johnson was terminated during the term of the contract for other than specified causes, he would be paid his compensation on a monthly basis for the remaining term of the contract. (The contract did not contain a provision for acceleration in the event of default.)

On November 21, 1975, Johnson was terminated by Mid States for a reason other than cause. In April of 1976, Johnson filed suit against Mid States in the Civil Court of Richmond County, seeking to recover his monthly

compensation from the date of his termination through the month of April 1976.

In March of 1977, Vincent Brass & Aluminum Company contracted to purchase the assets of Mid States. The contract provided that Mid States would remain liable to Johnson in the civil action Johnson was then prosecuting against Mid States in Richmond County. Johnson was not included on the list of creditors which Mid States furnished to Vincent Brass, as required by Code Ann. § 109A-6—104 (1) (a) (Ga. L. 1962, pp. 156, 323). Therefore, Johnson did not receive formal notice, as provided in Code Ann. § 109A-6—107, of the transfer of Mid States' assets to Vincent Brass. However, Johnson was negotiating for possible employment with Vincent Brass at the time of the sale, and Vincent Brass alleged at trial that Johnson had actual knowledge of the impending sale weeks in advance.

On May 16, 1977, Johnson obtained a judgment against Mid States for his unpaid monthly compensation through April of 1976. He then filed another suit against Mid States in the Richmond County Superior Court, seeking to recover the balance due him for compensation from May of 1976 through December of 1976. Johnson's motion for summary judgment in this action was granted. Johnson subsequently filed the present garnishment action against Vincent Brass. Johnson's motion for summary judgment was granted by the trial court. On appeal, the Court of Appeals reversed. We granted certiorari. *Held:*

The central purpose underlying Article 6 of the UCC is to deal with a type of commercial fraud in which a merchant, owing debts, sells his stock in trade to another, pockets the proceeds, and then absconds, leaving his creditors unpaid. *Indon Industries v. Charles S. Martin Distributing Co.,* 234 Ga. 845 (218 SE2d 562) (1975). In order to combat this type of activity, Code Ann. § 109A-6—104 (1) (a) provides that a bulk transfer subject to Article 6 is ineffective against any creditor of the transferor unless the transferee requires the transferor to furnish a list of his existing creditors. In addition, Code Ann. §§ 109A-6—105 and 109A-6—107 require that "all the persons shown on the list of creditors furnished by the

transferor" and "all other persons who are known to the transferee to hold or assert claims against the transferor" (Code Ann. § 109A-6—107 (3)) be given rather extensive notice that a bulk transfer is about to be made. The transfer is not rendered ineffective by the omission of creditor(s) from the list of creditors "unless the transferee is shown to have had knowledge." Code Ann. § 109A-6—104 (3). The few cases which have considered the question have held that "knowledge" under UCC § 6-104 (3) requires "actual knowledge" under UCC § 1-201 (25). See 67 ALR3d 1056 Anno., Extent of Duty of Transferee of Bulk Sale to Investigate Regarding Seller's Creditors Under Uniform Commercial Code Article 6.

The Court of Appeals ruled that Vincent Brass would be liable to Johnson only if it was proved that Vincent Brass had knowledge of Johnson's claim for compensation against Mid States from May through December of 1976. Since the record does not demand the conclusion that Vincent Brass had knowledge of this claim, the Court of Appeals held that the trial court erred in granting Johnson's motion for summary judgment. We disagree.

It affirmatively appears from the record that Johnson was a person actually known to Vincent Brass to be asserting a claim against Mid States. Therefore, under Code Ann. § 109A-6—107 (3), Vincent Brass was required to give Johnson the rather detailed notice of the transfer specified in Code Ann. § 109A-6—107 (1), (2). It is undisputed that this was not done. Therefore, the trial court was correct in granting Johnson's motion for summary judgment. Accordingly, the judgment of the Court of Appeals is reversed.

*Judgment reversed. All the Justices concur, except Jordan, J., who dissents.*

ARGUED JUNE 12, 1979 — DECIDED
OCTOBER 2, 1979.

*Cornelius B. Thurmond, Jr.,* for appellant.
*William C. Calhoun,* for appellee.

JORDAN, Justice, dissenting.

In my opinion the Court of Appeals was correct in reversing the grant of a summary judgment to Johnson, and I would affirm.