Gilbert R. JOHNSON, Plaintiff-Appellant,

v.

MID STATES SCREW & BOLT COMPANY, Speizman Industries, Inc., Defendants-Appellees,

Vincent Brass Aluminum Co., Cross Claim Plaintiff-Appellee v. Mid States Screw & Bolt Company, Speizman Industries, Inc., Cross Claim Defendants-Appellants.

No. 83-8080.

United States Court of Appeals, Eleventh Circuit.

June 8, 1984.

Cornelius B. Thurmond, Jr., Augusta, Ga., for plaintiff-appellant, cross-appellee.

J. Patrick Claiborne, William J. Cooney, John C. Bell, Jr., William C. Calhoun, Augusta, Ga., for appellees.

Before TJOFLAT and HILL, Circuit Judges, and LYNNE *, District Judge.

* Honorable Seybourn H. Lynne, U.S. District Judge for the Northern District of Alabama, sitting by designation.

**1536**

LYNNE, District Judge:

This appeal concerns remedies under the Georgia Bulk Sales Act available to a creditor claiming improprieties in a bulk transfer of assets by both the transferee and the transferor. Also at stake, on cross-appeal, is the transferee's right to indemnity for its payment of the transferor's debt to the creditor.

We affirm, on alternative grounds, the lower court's decision to dismiss the appellant's fraud claim. Fraud allegations, based solely upon the Bulk Sales Act, fail to state a claim upon which relief may be granted. As to the cross-appeal, we concur with the court's determination that provisions enabling uninformed creditors to recover from the transferee are non-punitive in nature. Its decision compelling the transferor to indemnify the transferee is accordingly affirmed.

Mid States Screw & Bolt Company (Mid States) consummated a bulk transfer of its assets to Vincent Brass & Aluminum Company (Vincent) on March 31, 1977. Gilbert R. Johnson, the appellant, did not receive notice of the transaction. His first of two claims against Mid States alleging breach of a fixed term employment agreement qualified him as a creditor entitled to such notice under the Bulk Sales Act. Two months after the Bulk Transfer, he obtained judgment on the initial claim and subsequently collected against a letter of credit issued on Mid States' behalf.

Judgment on the second claim followed shortly thereafter. Unable to obtain satisfaction from either Mid States or its parent, Speizman Industries Inc. (Speizman), Johnson filed an *in rem* garnishment action against Vincent. The Bulk Sales Act sanctions such relief against transferees who fail to notify "known" creditors about a pending transfer. Ga.Code Ann. §§ 109A–6–104, 109A–6–107(3). Vincent blamed the lack of notice on Mid States' failure to include Johnson in its sworn list of creditors. However, reference in the Bulk Transfer Agreement to the "Johnson litigation", as well as employment interviews between the two, established its independent knowledge of Johnson's creditor

status. Accordingly, the Georgia Supreme Court reinstated a summary judgment order granting Johnson relief. *See Johnson v. Vincent Brass & Aluminum*, 244 Ga. 412, 260 S.E.2d 325 (1979).

With recovery from Vincent in hand, Johnson filed the present action claiming Mid States, Speizman and Vincent committed fraud by intentionally violating the detailed notice provisions of the Bulk Sales Act. Vincent cross-claimed against Mid States for indemnification of the adverse garnishment judgment. The district court rejected the fraud claim on the basis of Johnson's election of remedies in the state court *in rem* action. It additionally expressed doubt that the complaint stated a claim upon which relief could be granted. The court subsequently granted Vincent's summary judgment motion on the cross-claim.

■ That Vincent and Mid States both violated the notice provisions of Georgia's Bulk Sales Act is beyond question. However, that Act creates only an *in rem* garnishment action against the transferee. *American Express Co. v. Bomar Shoes*, 125 Ga.App. 408, 187 S.E.2d 922 (1972); *Indon Industries, Inc. v. Martin Distributing Co.*, 234 Ga. 845, 218 S.E.2d 562 (1975). It is intended to supplement, not displace, the creditor's traditional remedies—similar *in rem* actions as well as fraudulent conveyance claims—against the transferor. *Id.; See also Ga.Code Ann.* § 109A–6–101, Official Comment 1. Johnson abandoned these longstanding avenues of relief and based his complaint solely upon fraudulent violations of duties contained in the Bulk Sales Act.

■ Artful pleading of this particular fraud claim, however, depends upon rights which are separate and independent of the Bulk Transfer law. In *Boss v. Bassett Furniture Industries*, a creditor received no notice of a pending bulk transfer of assets. The Supreme Court of Georgia declined to dismiss his subsequent fraud claim, which was based upon an equitable interest in machine dyes and design docu-

ments. 249 Ga. 166, 288 S.E.2d 559 (1981). Emphasizing the multifaceted relationship between the creditor and transferor, it determined that the fraud action did not rely on the Bulk Transfer law violations. *Id.* at 170, 288 S.E.2d at 562.

The Court, clarifying the narrow confines of its ruling, contrasted the material facts with those in *American Express Co. v. Bomar Shoes*, 127 Ga.App. 837, 195 S.E.2d 479 (1972). There, a claim based solely upon violations of the Bulk Sales Act notice provisions fell prey to the defendant's Rule 12(b)(6) motion to dismiss. *Id.* at 838, 195 S.E.2d at 480.

Johnson's complaint is similarly plagued by its singular reliance upon the Bulk Sales Act. Its allegations are intertwined with, not independent of, that Act. Accordingly, the action must be dismissed for its failure to state a claim upon which relief may be granted.

As to the cross-claim, the lower court appropriately awarded Vincent summary judgment against Mid States. The Bulk Sales Act is not punitive in nature. Its provision shifting to the transferee the initial burden of his transferor's unsatisfied debt is merely for the convenience of creditors. The transferor remains the ultimate transgressor. Accordingly, common law indemnity principles dictate that he bear the cost of his wrongdoing. *Central Georgia R.R. v. Lester*, 118 Ga.App. 794, 801–802, 165 S.E.2d 587, 592 (1968).

AFFIRMED.