A89A2327. BROWN TRANSPORT CORPORATION
v. STREET et al.
(391 SE2d 699)

BIRDSONG, Judge.

This case comes before us pursuant to our grant of authority to Brown Transport Corporation ("Brown") for an interlocutory appeal of the trial court's denial of Brown's motion to dismiss the complaint against it filed by O. Grady Street and Cleo Street ("the Streets"). The other defendants in the action, David L. Bowman ("Bowman") and Thurston Motor Lines ("Thurston"), are not parties to the appeal.

After this appeal was docketed, Brown filed notice it had filed for bankruptcy under Chapter 11 of the Bankruptcy Code and a stay in bankruptcy was in effect. See 11 USC § 362. Subsequently, Brown also filed a motion to remand the appeal to the trial court pending resolution of the bankruptcy. Thereafter, however, the Streets obtained an order from the U. S. Bankruptcy Court granting relief from the stay. Based upon the representations of the parties that this order is effective to lift the stay, we assume, without deciding, that the order is effective for that purpose but we specifically reject appellees' interpretation of the effect of the order. Accordingly, we have decided the appeal on its merits.

On August 16, 1986, Bowman was employed by Thurston as a line haul driver. In the scope of his employment he was driving a tractor trailer owned by Thurston and was involved in a collision with the Streets' automobile. On the date of the collision, Thurston was owned by I. U. International ("IU"), a separate corporation from Brown and the company that owns Brown, Brown Transportation Company, Inc. ("BTCI"). It is not alleged that Brown, BTCI, nor any of their agents or employees were involved in the collision, were otherwise connected

with the damages or injuries sustained by the Streets, or were in a business relationship with Thurston so as to give rise to liability under any usual theory of imputable negligence.

The record shows that on December 31, 1987, IU sold all of the common stock of Thurston to BTCI. BTCI did not assume liability for any claims such as this arising prior to December 31, 1987, and IU specifically agreed to be liable for such claims and agreed to indemnify BTCI for any expenses it incurred which arose from defending such claims.

After the sale of its stock to BTCI, Thurston ceased operations as a motor freight line, and its trucking operations and most equipment were combined with Brown's. Thurston, however, retained its separate corporate identity and the title to its real property.

On June 29, 1988, the Streets sued Bowman, Thurston, and Brown. The complaint alleges that Brown bought or acquired Thurston, that Bowman as Thurston's agent caused the Streets' injuries, and that as a result of Bowman being Thurston's agent, all Bowman's negligent acts are attributable to Thurston and its successor, Brown. No other allegations of liability were made against Brown. The complaint demanded judgment against all the defendants for the damages the Streets incurred through Bowman's negligence.

Bowman, Thurston, and Brown filed a joint answer to the complaint, and after discovery was completed, Brown moved to dismiss the complaint against it because it was not a proper party to the action. Brown contended that it could not be held liable in tort since it had no interest in Thurston at the time of the collision, did not agree to be liable for claims against Thurston arising prior to December 31, 1987, and cannot be held liable merely because its parent corporation, BTCI, owns Thurston's common stock.

The Streets contended that liability could be imposed against Brown because the transfer to Brown, actually BTCI, would prevent them from recovering on their claims since they contend that Thurston is now without assets from which they could satisfy their judgment if they prevail. The Streets asserted that under OCGA § 18-2-22, conveyances by debtors deemed fraudulent, and OCGA § 11-6-101 et seq., the Bulk Transfer Act ("the Act"), they could maintain an action in tort directly against Brown.

Since matters outside of the record were submitted in support of the motion, the trial court treated the motion as one for summary judgment, and after concluding that genuine issues of material fact remained, denied Brown's motion. Thereafter, the trial court granted a certificate for immediate review, and pursuant to Brown's application, we granted this appeal. Brown enumerates as error the trial court's denial of its motion. On appeal the parties essentially have restated their contentions in the trial court. *Held*:

1. This is a tort action based upon Bowman's negligence which the Streets seek to impute through Thurston to Brown. They seek a judgment directly against Brown. The Streets, however, do not contend that on the date of the collision Brown had a connection with either Thurston or Bowman, or that Brown was otherwise involved in the collision. Instead, they assert liability because BTCI purchased Thurston's stock over a year after the date of the collision.

In *Bullington v. Union Tool Corp.*, 254 Ga. 283, 284 (328 SE2d 726), our Supreme Court stated the circumstance in which a purchasing corporation is liable for the liabilities of a selling corporation: "(1) there is an agreement to assume liabilities; (2) the transaction is, in fact, a merger; (3) the transaction is a fraudulent attempt to avoid liabilities; or (4) the purchaser is a mere continuation of the predecessor corporation." The Streets have presented no evidence even suggesting that such circumstances are present in this case, and the record demonstrates that no such circumstances exist: The purchase and sale agreement expressly rejected assumption of liabilities arising prior to the date of the purchase and sale, there was no merger of the corporations because Thurston continued to exist as a separate corporation after the sale of the stock to BTCI, there is no evidence suggesting that the sale was fraudulent, and Brown is not a mere continuation of Thurston. Accordingly, liability may not be premised on any of these factors. Further, liability cannot be predicated merely because of the ownership of Thurston's stock. *Branham v. Louisville &c. R. Co.*, 69 Ga. App. 212 (24 SE2d 845). Moreover, "[a] debt due from one person can not be satisfied by the recovery of damages from another person, unconnected with and a stranger to it, without some statute provision." *Graves v. Horton*, 132 Ga. 786, 791 (65 SE 112).

2. The Streets' primary argument is that the Bulk Sales Transfer Act applies and they may therefore bring this action in tort directly against Brown. Initially, we note that a sale of corporate stock is not included within the definitions of a bulk transfer in the Act, the transfer of equipment is only included if transferred in connection with a bulk transfer of inventory, and Thurston as a motor freight line is not included with the category of enterprises subject to the Act, i.e., enterprises that sell merchandise from stock. OCGA § 11-6-102 (1)-(3). Since the Act is in derogation of the common law, it must be strictly construed (*Indon Indus. v. Chas. S. Martin &c. Co.*, 234 Ga. 845, 847 (218 SE2d 562)), and we cannot extend the Act beyond its prescribed limits. Therefore, since the transfers the Streets rely on and Thurston, as an enterprise, are not subject to the Act, the Streets may not use the Act as a basis for their direct action against Brown.

Further, even actions within the scope of the Act do not permit direct actions in tort against the transferee. In interpreting an earlier version of the Act, we held that its purpose was to protect creditors

against fraudulent sales by debtors. *Stovall Co. v. W. E. Shepherd Co.*, 10 Ga. App. 498 (73 SE 761). More significantly, however, the Act preserves a creditor's remedy against the goods, not against the transferee personally (*American Express Co. v. Bomar Shoe Co.*, 125 Ga. App. 408 (187 SE2d 922)), and the Act permits a creditor to pursue goods in the hands of a transferee as though they still belonged to the transferor. *McClain v. Laurens Glass Co.*, 127 Ga. App. 316, 317 (193 SE2d 194). See also *American Express Co. v. Bomar Shoe Co.*, 127 Ga. App. 837 (195 SE2d 479) (physical precedent). Consequently, the Bulk Transfer Act does not authorize a direct action for negligence against Brown.

3. OCGA § 18-2-22 also offers no support for the Streets' contention that they may bring a direct action in tort against Brown for Bowman's negligence, imputed to Thurston, because of the allegedly fraudulent transfer of either Thurston's stock to BTCI or Thurston's equipment to Brown. This code section, in appropriate circumstances, declares certain fraudulent transfers void as against creditors and certain others. It protects creditors by permitting them to pursue property fraudulently conveyed so that they may recover by setting aside the fraudulent transfer, and, when appropriate, by permitting them to recover damages for the fraud. See *Kesler v. Veal*, 182 Ga. App. 444, 446-451 (356 SE2d 254), as modified *Kesler v. Veal*, 257 Ga. 677 (362 SE2d 214). This code section does not, however, either by its terms or by implication, create a direct cause of action in tort against the transferee for the transferor's negligence in a completely separate transaction.

4. As no direct cause of action in tort lies against Brown under the Bulk Transfer Act, under OCGA § 18-2-22, or under Chapter 2 of Title 51, OCGA, for the alleged negligence of Bowman and Thurston, the trial court erred by denying Brown's motion.

*Judgment reversed with direction that the trial court enter judgment dismissing the complaint against Brown Transport Corporation. Deen, P. J., and Cooper, J., concur.*

DECIDED MARCH 5, 1990.

*Nall, Miller, Owens, Hocutt & Howard, James S. Owens, Jr., Stephanie L. DeBerry*, for appellant.
*Ellis, Moore & Simons, Alan M. Simons, Edward P. Ellis*, for appellees.