S99A0621. THE BOOTERY, INC. et al. v. CUMBERLAND CREEK PROPERTIES, INC. et al.

(517 SE2d 68)

CARLEY, Justice.

In 1994, litigation over golf course property resulted in a settlement agreement. Attached to the settlement agreement was an "option contract," which provided for the purchase of the property from R.R.R. Limited Partnership (RRR) by the predecessors-in-interest of Cumberland Creek Properties, Inc. (CCP). The trial court incorporated the settlement agreement into a consent judgment. Thereafter, Appellants, who were not parties to the litigation or settlement, loaned money to RRR and recorded a deed to secure debt. In 1996, the trial court held RRR in contempt of the consent judgment, and this Court affirmed. *R.R.R. Ltd. Partnership v. Recreational Services*, 267 Ga. 757 (481 SE2d 225) (1997). Subsequently, Appellees CCP and Ronald Leventhal filed a motion to hold Appellants in contempt and to divest Appellants' title and vest it in CCP. Appellees alleged that Appellants did not reserve and disburse the loan funds for the purpose of completing construction of the golf course, even though the establishment of such a reserve was one of the conditions for a loan imposed by the option contract. The trial court found Appellants to be in criminal and civil contempt and ordered Appellants to cancel their deed to secure debt immediately. Appellants appeal from this order.

1. About two months prior to the date of the execution of the security deed from RRR to Appellants, CCP properly recorded the option contract, with the property description attached.

> When executed with the formality prescribed for the execution of deeds to land, options to purchase land . . . may be recorded. . . . The record shall, from the date of filing, be notice of the interest and rights of the parties to the option to purchase in and with respect to the property described in the option to purchase. . . .

OCGA § 44-2-8. Under this statute, the recording of the option contract between RRR and CCP constituted constructive notice thereof to Appellants. *Banks v. Harden*, 221 Ga. 505, 507 (2) (145 SE2d 563) (1965). Therefore, Appellants' security deed can have no priority over CCP's option to purchase. However, the priority of the option contract is not dispositive of whether the trial court was authorized to hold Appellants in contempt and to order cancellation of Appellants' security deed because of their failure to comply with the consent judgment in a proceeding to which they were not parties.

2. Appellants urge that they had insufficient notice of the terms

of the consent judgment, were not in privity with RRR, and, thus, cannot be held in contempt.

In Georgia and the majority of foreign jurisdictions, the violation of a court's order by one who was not a party to the proceedings can be punished as a contempt only if it is "alleged and proved that the contemnor had *actual* notice of the order for disobedience of which he is sought to be punished. [Cits.]" (Emphasis supplied.) *Spence v. Woodman Co.*, 213 Ga. 573, 576 (3) (100 SE2d 435) (1957). Most jurisdictions also require that the nonparty be in privity with, aid and abet, or act in concert with the named party in acts constituting a violation of the order. Anno., 7 ALR4th 893, 911, § 4 (1981); 17 AmJur2d, Contempt, § 62 (1990). This requirement is consistent with OCGA § 9-11-65 (d), which provides that an injunction "is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons *in active concert or participation* with them who receive *notice* of the order by *personal service or otherwise.*" (Emphasis supplied.) It would appear that a non-party should be given at least as much, if not more, notice of an order which *compels* some action, as of one which restrains certain acts. See *Caring Hands v. DHR*, 214 Ga. App. 853, 858 (1) (449 SE2d 354) (1994). Although Appellees argue that actual notice is not necessary, this Court has held, consistent with *Spence v. Woodman Co.*, supra, that OCGA § 9-11-65 (d) "prohibits the enforcement of an injunction against anyone not a party to the proceeding wherein such injunction was issued and who has had no *actual notice* thereof by personal service or otherwise." (Emphasis supplied.) *Shaw v. Caldwell*, 229 Ga. 87 (3) (189 SE2d 684) (1972).

There is no evidence that Appellants received actual notice of the consent judgment prior to making the loan to RRR and recording the security deed, or prior to their subsequent modification of the security deed. The recording of the option contract proves only Appellants' constructive notice thereof. Even assuming that Appellants were told that there was a document governing the use of loan proceeds, this would not show actual notice of the consent judgment or of the requirement that a reserve fund be established and disbursed in a particular manner. Indeed, it "has been held that where the nonparty was aware of the existence of [an] injunction but had no knowledge of the *specific acts* enjoined, the nonparty was not in contempt of court. . . ." (Emphasis supplied.) Anno., supra at 897, § 2. Appellees also rely on Appellants' involvement in the RRR bankruptcy, but that bankruptcy was not initiated until long after disbursement of the loan funds and the recording and modification of Appellants' security deed.

Moreover, there is no evidence that Appellants were in "privity" with RRR. In this context, the word "privity" is frequently used as

synonymous with the enumeration, in OCGA § 9-11-65 (d) and similar statutes and rules, of nonparties who may be bound. 11A Wright, Miller & Kane, Fed. Prac. & Proc., Civil 2d § 2956, p. 340 (1995). Where a decree is entered against the grantor of real property, the grantee is not in contempt for violating that decree, even if he had notice thereof, where there is no evidence of any relationship other than that of grantor-grantee. Anno., supra at 898, § 2. Appellees argue that RRR effectively represented Appellants' interests in the previous contempt proceeding. However,

> [p]rivity is not established merely because persons are interested in the same question or desirous of proving the same set of facts or because the issue being litigated is one that might affect their interests by providing a judicial precedent that would be applied in a subsequent action.

11A Wright, Miller & Kane, supra at § 2956, p. 341. Accordingly, we conclude that the trial court erred by holding Appellants in contempt.

3. With regard to the trial court's authority to order Appellants to cancel their security deed, the option contract specifically permitted RRR to encumber the property with a deed to secure debt. The option contract also limited the amount of the note secured by such deed, and required a reserve from this amount to be disbursed by the lender, and used by RRR, for the construction of the golf course. Appellants did not disburse the loan proceeds until after the execution of the security deed. Issues regarding the establishment of a reserve do not relate to the security deed itself, but to matters occurring after its execution. There is no evidence that the security deed is void for any reason. Therefore, we find that the trial court was not authorized to order Appellants to cancel its deed to secure debt. *Glover v. Andros*, 228 Ga. 183 (1) (184 SE2d 463) (1971). "A court of equity will not decree the cancellation of a written instrument as a matter of course in the absence of a statutory provision therefor. [Cit.]" *Collins v. Storer Broadcasting Co.*, 217 Ga. 41, 51 (2) (b) (120 SE2d 764) (1961).

Although Appellees rely on OCGA § 9-11-70, that Code section applies only after a judgment directing a party to perform specific acts is properly entered and the party has failed to comply within the time specified. 12 Wright, Miller & Marcus, Fed. Prac. & Proc. Civil 2d § 3021, p. 166 (1997). This proceeding has not reached the point of refusal by Appellants to cancel the security deed within the time specified. Indeed, Appellants did file a cancellation wherein they reserved their appellate rights. The trial court's error was in ordering Appellants to cancel their security deed in the first instance. Under

the evidence, the trial court was authorized only to find that Appellants' valid security deed was subject to the terms of Appellees' previously recorded valid option contract.

4. Appellants contend that the trial court also erred in denying their motion to set aside the consent judgment pursuant to OCGA § 9-11-60 (d) (3). Appellants were neither parties to the consent judgment, nor in privity with RRR, nor did they have any interest in the property at the time of the consent judgment. OCGA § 9-11-60 (d) does not authorize a non-party to bring a motion to set aside. Compare OCGA § 9-11-60 (a); *Betts v. First Ga. Bank*, 177 Ga. App. 359, 361 (339 SE2d 616) (1985) (successful party may move to set aside judgment). Thus, Appellants had no standing to move that the consent judgment be set aside. *Phillips v. Phillips*, 211 Ga. 305, 308 (1) (85 SE2d 427) (1955).

5. Remaining enumerations of error are moot or otherwise controlled by our previous holdings. Accordingly, we affirm the trial court's denial of Appellants' motion to set aside, but reverse the trial court's order regarding contempt and cancellation of the security deed.

*Judgment affirmed in part, reversed in part. All the Justices concur.*

DECIDED JUNE 1, 1999 —
RECONSIDERATION DENIED JULY 6, 1999.

*Glen E. Stinson,* for appellants.

*Valente & Strauss, John G. Valente, John J. Strauss, Kenneth A. Tapscott, Mark C. Walker, Shawn D. Stafford, William B. Herndon, Mike D. Harrison, Varner, Stephens, Humphries & White, James T. White, Lydia M. Hilton, Kilpatrick Stockton, Melinda A. Marbes, Pettigrew & Trippe, Harry W. Pettigrew,* for appellees.

Ronald S. Leventhal, *pro se.*