A05A0779. TATE et al. v. KIA AUTOSPORT OF STONE MOUNTAIN, INC.
(616 SE2d 112)

JOHNSON, Presiding Judge.

On or about December 23, 2002, Bryan Tate and his wife, Angela Michelle Tate, visited a car dealership operating under the trade name "Stone Mountain Kia," where they were allegedly beaten and injured by dealership employees. On April 28, 2003, the Tates sued Kia Autosport of Stone Mountain, Inc. ("Autosport"), acting on the belief that Autosport operated Stone Mountain Kia at the time they were injured. However, the Tates subsequently amended their complaint to show Stone Mountain Auto Sales, LLC ("SMAS") was the business operating as Stone Mountain Kia, and that they were injured by employees of SMAS.

According to the amended complaint, SMAS made a bulk sale of its assets to Autosport several months after the Tates were injured, but the transaction failed to comply with the Bulk Transfer Act, OCGA § 11-6-101 et seq., rendering the transfer ineffective and subjecting Autosport's assets to their claim. The trial court granted Autosport's motion to dismiss the amended complaint and motion for summary judgment.[1] The Tates appeal, and we affirm for the reasons set forth below.

The Tates contend the trial court erred in granting Autosport's motion to dismiss their amended complaint.[2] "A motion to dismiss may be granted only where a complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts that

---

[1] Autosport moved for summary judgment under the initial complaint, arguing that Autosport did not employ the dealership employees who allegedly injured the Tates, that Autosport did not exist at the time of their injury, and that Autosport did not assume the liabilities of, nor was a successor corporation to, the entity that operated the dealership at that time. After the Tates amended their complaint, Autosport moved to dismiss the amended complaint for failure to state a claim. Although the Tates assign error to the trial court's rulings on both Autosport's motion to dismiss and motion for summary judgment, the Tates address their arguments only to the issues raised by the motion to dismiss.

[2] As an alternate basis for its ruling on Autosport's motion to dismiss, the trial court looked outside the pleadings to find no bulk transfer occurred. Where the trial court has considered matters outside the pleadings, we review the trial court's ruling on a motion to dismiss as a ruling on motion for summary judgment. *Presto v. Sandoz Pharmaceuticals Corp.*, 226 Ga. App. 547, 548 (1) (487 SE2d 70) (1997). However, in view of our analysis, we do not reach the alternate basis for the trial court's ruling.

could be proven in support of his or her claim. We review the trial court's ruling on a motion to dismiss under the de novo standard of review."[3]

For purposes of reviewing the trial court's grant of Autosport's motion to dismiss, we assume SMAS made a transfer of assets to Autosport subject to the Bulk Transfer Act but failed to provide Autosport with a list of creditors or to provide notice to creditors as required by OCGA §§ 11-6-104 and 11-6-105. In such case, the bulk transfer "is ineffective against any creditor of the transferor."[4] We also assume, without deciding, that the Tates were SMAS creditors for purposes of the Bulk Transfer Act by reason of their tort claim. Nevertheless, the Tates cannot maintain an action seeking to hold Autosport liable for damages arising out of its tort claim against SMAS on account of Autosport's failure to ensure compliance with the Bulk Transfer Act. We have previously held that the Bulk Transfer Act does not authorize a direct action for negligence against the transferee where the transferor is alleged to have committed the negligent act.

> [A]ctions within the scope of the [Bulk Transfer] Act do not permit direct actions in tort against the transferee. In interpreting an earlier version of the [Bulk Transfer] Act, we held that its purpose was to protect creditors against fraudulent sales by debtors. More significantly, however, the [Bulk Transfer] Act preserves a creditor's remedy against the goods, not against the transferee personally.[5]

The Tates contend that their action does not attempt to hold Autosport liable for the negligent actions of SMAS, but that Autosport has simply been joined in the negligence action against SMAS, affording it the opportunity to make its views known on the merits of the tort claim. However, in their amended complaint the Tates seek to impose liability on all of Autosport's assets by reason of their failure to require compliance with the Bulk Transfer Act. The remedy sought is inconsistent with authority limiting the claims of the transferor's creditors to the transferor and the transferred goods.[6]

---

[3] (Citations and punctuation omitted.) *Common Cause/Ga. v. Campbell*, 268 Ga. App. 599, 601 (2) (602 SE2d 333) (2004).

[4] OCGA §§ 11-6-104; 11-6-105.

[5] (Citations omitted.) *Brown Transport Corp. v. Street*, 194 Ga. App. 717, 719-720 (2) (391 SE2d 699) (1990).

[6] See *American Express Co. v. Bomar Shoe Co.*, 125 Ga. App. 408, 409-411 (187 SE2d 922) (1972) (traditional remedies available under the Bulk Sales Act, such as garnishment, are available as remedies under the Bulk Transfer Act, but legislature did not intend to impose personal liability on transferee). See also *American Express Co. v. Bomar Shoe Co.*, 127 Ga. App.

Accordingly, if the Tates have a claim against SMAS they may also have a claim, through actions such as garnishment, to the assets transferred by SMAS to Autosport, but not, absent a claim independent from the Bulk Transfer Act, against Autosport personally or against all of Autosport's assets.[7] The trial court correctly dismissed the Tates' amended complaint.

*Judgment affirmed. Ruffin, C. J., and Barnes, J., concur.*

DECIDED MAY 10, 2005 —
RECONSIDERATION DENIED JUNE 14, 2005 — 

*King & Hobbs, Joseph H. King, Jr.,* for appellants.
*Bovis, Kyle & Burch, James E. Singer, McGee & Oxford, Pearce D. Hardwick,* for appellee.

---

837 (195 SE2d 479) (1973) (physical precedent only) (Bulk Transfer Act permits only an in rem action against the transferred goods or the proceeds therefrom, not an in personam action against the transferee).

[7] See *American Express,* supra, 125 Ga. App. at 409-411. Accord *Johnson v. Mid States Screw & Bolt Co.,* 733 F2d 1535, 1536 (11th Cir. 1984) (applying Georgia law).