FINAL COPY
294 Ga. 407

S13A1611. CRUTCHFIELD v. LAWSON.

MELTON, Justice.

Following the trial court's denial of his motion to set aside a ruling finding him to be in contempt of a divorce decree, Alvah Matthew Crutchfield (Husband) appeals, contending that the trial court lacked subject matter jurisdiction over this case. For the reasons set forth below, we find that Husband challenges venue, not subject matter jurisdiction, and that Husband affirmatively waived any objections on the face of the record. Accordingly, we affirm.

The record shows that Husband and Julie Gravitt Lawson (Wife) were granted a final divorce by the Superior Court of Paulding County on April 17, 2008. On September 9, 2011, Wife filed an application for contempt against Husband in the Superior Court of Cobb County. On October 18, 2011, Husband answered Wife's action in Cobb County, and, in addition, he filed a cross-application for contempt in which he challenged the Cobb County court's jurisdiction. A hearing on the matter was held on May 3, 2012, and any jurisdictional defects were discussed by the parties. At that time, counsel for

both sides consulted at length with their clients and reached an agreement, announced and accepted in open court under oath, consenting to jurisdiction in the Cobb County court, among other things.[1] Thereafter, the Cobb County court conducted hearings and ultimately found Husband in contempt.

After obtaining new counsel, Husband then filed a motion to set aside the contempt judgment, arguing that the Cobb County court lacked subject matter jurisdiction, which could not be waived, and that the Cobb County court's rulings were void. Specifically, Husband argued that only the court issuing the original order, in this case the Superior Court of Paulding County, had the subject matter jurisdiction to enforce that order through a contempt action. The Cobb County court denied the motion to set aside, finding that Husband, who had participated freely in the Cobb proceedings, was equitably estopped from challenging subject matter jurisdiction.[2] This direct appeal ensued.

---

[1] Husband refused to sign a written motion for a consent order after the agreement was reduced to writing. Nonetheless, the Cobb County court entered the order, reflecting the agreement that had previously been announced by the parties.

[2] The parties based their arguments, and the Cobb County court based its ruling, largely on Abushmais v. Erby, 282 Ga. 619 (652 SE2d 549) (2007); Doke v. Doke, 248 Ga. 514 (284 SE2d 419) (1981); and Herring v. Herring, 246 Ga. 462 (271 SE2d 857) (1980). These cases, however, dealt with the equitable

We must first determine whether a trial court's entitlement to enforce its own orders is a matter of subject matter jurisdiction or venue.

> It has long been the rule in this state, as in other jurisdictions, that an application for contempt must be filed in the court which rendered the order or judgment in question. In divorce cases, this means that, generally speaking, a contempt application must be filed in the superior court which entered the divorce decree. The reason for this rule has been set forth succinctly as follows: "The theory upon which the right of a court to punish for contempt is, that '[e]very court has power to compel obedience to its judgments, orders, and processes.' It necessarily follows that '[o]nly the court offended has power to punish for the contempt or to entertain proceedings to that end.'" (Citations omitted.) Goodrum v. Goodrum, 202 Ga. 135 (4) (42 SE2d 450) (1947).

(Citations, punctuation and emphasis omitted.) Jacob v. Koslow, 282 Ga. 51, 52 (644 SE2d 857) (2007).

This does not mean, however, that the superior court in which the original order was entered has exclusive *subject matter* jurisdiction to enforce its original order.

> The phrase jurisdiction of the subject matter "refers to subject matter alone," i.e., "conferring jurisdiction in specified kinds of cases." Starnes v. Mutual Loan &c. Co., 102 Ga. 597, 601 (29 SE 452) (1897). It "is the power to deal with the general abstract

___

defenses of estoppel and laches as they relate to collateral attacks on prior divorce decrees. As such, they are distinguishable from the matter at hand.

3

question, to hear the particular facts in any case relating to this question" Melton v. Jenkins, 50 Ga. App. 615 (1) (178 SE 754) (1935). "Jurisdiction of the subject matter does not mean simply jurisdiction of the particular case then occupying the attention of the court, but jurisdiction of the class of cases to which that particular case belongs." Zeagler v. Zeagler, 192 Ga. 453, 456 (15 SE2d 478) (1941). It is the "sine qua non to a valid judgment, and may not be waived by consent of the parties." Robinson v. Attapulgus Clay Co., 55 Ga. App. 141, 144 (189 SE 555) (1937).

(Punctuation omitted.) Hopkins v. Hopkins, 237 Ga. 845, 846 (1) (229 SE2d 751) (1976).

It is undisputed in this case that a superior court has the authority to entertain an action for contempt of a Georgia divorce decree. Therefore, the question before us does not concern what type of court in which the entire class of contempt cases must be brought; instead, it deals with the question of *which* superior court may properly consider this *particular* case. This latter consideration is one of venue, not subject matter jurisdiction.

This distinction was evident in Buckholts v. Buckholts, 251 Ga. 58 (302 SE2d 676) (1983). There, we held:

[W]e find it necessary in the context of divorce and alimony cases to depart from the general rule that a contempt action must be brought in the offended court. We now hold that where a superior court other than the superior court rendering the original divorce decree acquires jurisdiction *and venue* to modify that decree, it

4

likewise possesses the jurisdiction *and venue* to entertain a counterclaim alleging the plaintiff is in contempt of the original decree.

(Footnote omitted; emphasis supplied.) Id. at 61 (1).

Having decided that the question at issue is one regarding venue, it must now be determined whether venue has been waived in this case. Although subject matter jurisdiction may not be waived by the parties as a general rule, venue, on the other hand, can be waived or conferred upon a court by consent. See, e.g., Ledford v. Bowers, 248 Ga. 804 (2) (c) (286 SE2d 293) (1982).

> The purpose of the constitutional requirement for venue in the county where the defendant resides is to protect a defendant from having to respond in a foreign, and perhaps hostile court. We have found no authority for removing, and are unwilling to remove, that constitutional protection in the absence of the conduct specified in OCGA § 9-11-12 (h) (1)[3] or a voluntary, clear and specific waiver either in writing or transcribed in a court of record.

(Citations and punctuation omitted.) Parris v. Douthit, 287 Ga. 119, 120 (694

---

[3] This statute provides:

> A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived: (A) If omitted from a motion in the circumstances described in subsection (g) of this Code section; or (B) If it is neither made by motion under this Code section nor included in a responsive pleading, as originally filed.

5

SE2d 655) (2010).

In this case, as set forth in the transcript of the hearing held on May 3, 2012, both parties, after being sworn, agreed and announced in open court that they consented to the jurisdiction of the Cobb County court. Therefore, it is evident on the face of the record that Husband consented to venue in Cobb County and explicitly waived any subsequent objection. As a result, the trial court did not err in denying Husband's motion to set aside.

Judgment affirmed. All the Justices concur.

Decided January 21, 2014.

Domestic relations. Cobb Superior Court. Before Judge Kell.

Schklar & Heim, Edwin J. Schklar, Magdalena M. Heim, for appellant.

Syrop & Ingle, Stacy A. Ingle, Dupree & Kimbrough, Blake R. Carl, for appellee.