**SECOND DIVISION**
**MILLER, P. J.,**
**DOYLE, P. J., and REESE, J.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 2, 2018**

# In the Court of Appeals of Georgia

A17A2123. EMPLOYEES' RETIREMENT SYSTEM OF DO-080
GEORGIA v. PENDERGRASS.

DOYLE, Presiding Judge.

This case arises from a suit filed by the Employees' Retirement System of Georgia ("ERSGA") against Susan A. Pendergrass based on Pendergrass's allegedly improper acceptance of payments from ERSGA after the death of her mother, Eleanor Brock. Although Pendergrass failed to appear, in response to ERSGA's motion for default judgment, the trial court dismissed the case, finding that the court did not have personal jurisdiction over Pendergrass. ERSGA appeals, arguing that the trial court erred by finding that venue was improper and that it lacked personal jurisdiction over Pendergrass. For the reasons that follow, we reverse.

The record reveals that on September 9, 2016, ERSGA filed a complaint on an account, contract, and money had and received against Pendergrass in the State Court of Fulton County. The complaint alleged that Pendergrass wrongfully accepted $6,433.56 in overpaid retirement funds after Brock's death in April 2013. Pendergrass, who ERSGA alleged was a resident of Auburn, Alabama, was served personally with the complaint on September 15, 2016. Pendergrass failed to answer the complaint or make a special appearance, and on January 4, 2017, ERSGA moved for default judgment pursuant to OCGA § 9-11-55.

In response to the motion for default judgment, the trial court *sua sponte* dismissed the complaint for lack of personal jurisdiction, finding that the record was bereft of facts that would establish that Pendergrass, a non-resident of the State of Georgia, was subject to suit in Fulton County. The trial court found that the acts pleaded by ERSGA showing that Pendergrass had subjected herself to Georgia law under the Long Arm Statute were not acts completed by Pendergrass on her own behalf and instead were the acts of Brock.

1. ERSGA argues that the trial court erred by denying the motion for default judgment.

(a) "Jurisdiction of the person is the power of a court to render a personal judgment . . . in . . . a case[] and is obtained by appearance or by serving the proper process in the manner required by law on persons or parties subject to be sued in a particular action."[1] And "a court has a duty to inquire into its jurisdiction, upon its own motion where there is doubt, and is authorized to dismiss a case against a defendant where personal jurisdiction is lacking."[2] In its complaint, ERSGA stated that Pendergrass "is currently a resident of Auburn, Alabama," where ERSGA served her. Thus, from the allegations of the complaint, because Pendergrass is a non-resident, the trial court had to determine whether Georgia's Long Arm Statute allowed the trial court to assert personal jurisdiction over her to the same extent as a resident of this State.[3]

> The Supreme Court of Georgia has . . . explained that . . . Georgia permits the assertion of long-arm jurisdiction over nonresident defendants based on business conducted through postal, telephonic, and

---

[1] (Punctuation omitted.) *Williams v. Fuller*, 244 Ga. 846, 849 (3) (262 SE2d 135) (1979).

[2] *B&D Fabricators v. D. H. Blair Investment Banking Corp.*, 220 Ga. App. 373, 375-376 (2) (469 SE2d 683) (1996).

[3] See OCGA § 9-10-91 ("Grounds for exercise of personal jurisdiction over nonresident").

Internet contacts. As a result, when determining the limits of procedural due process, we apply the following three-part test: Jurisdiction exists on the basis of transacting business in this State if (1) the nonresident defendant has purposefully done some act or consummated some transaction in this State, (2) if the cause of action arises from or is connected with such act or transaction, and (3) if the exercise of jurisdiction by the courts of this State does not offend traditional notions of fairness and substantial justice.[4]

ERSGA argued that because Pendergrass was designated as the beneficiary of Brock for her retirement benefits, Pendergrass is subject to personal jurisdiction under the Long Arm Statute. But being named as a beneficiary was, as the trial court concluded, not an act undertaken by Pendergrass on her own behalf, and it therefore does not constitute business transacted in this State by Pendergrass.[5]

ERSGA also argues that Pendergrass used a power of attorney to sign for Brock on a single direct deposit authorization document in 2008 to have the benefits deposited into the account from which she later withdrew them. The deposit form at

---

[4] (Citations and punctuation omitted.) *Sullivan v. Bunnell*, 340 Ga. App. 283, 286 (1) (797 SE2d 499) (2017).

[5] See id. at 287 (1) (holding that one individual's conduct in a proceeding did not subject another individual now acting as the first person's power of attorney to personal jurisdiction in this State).

4

issue, however, was signed by Pendergrass in 2008, approximately six years prior to Brock's death and, therefore, at least six years prior to any overpayment in the account. Absent other circumstances, we may not have concluded that a single instance of using a power of attorney to submit a document on behalf of another for the benefit of another constitutes transacting business sufficient to establish long-arm personal jurisdiction.[6]

Nevertheless, Pendergrass is alleged to have converted multiple years of monthly overpayments by ERSGA that were not due to Brock or her beneficiaries after Brock's death from the account previously owned by Brock.[7] Thus, by assisting Brock in designating in this State the location to which the retirement funds should be directed by ERSGA (a Georgia resident), and then by allegedly converting overpayments made by the Georgia resident, Pendergrass has subjected herself to personal jurisdiction in this State because the injury alleged to have occurred was

---

[6] Compare with id. at 287-288 (1) (holding that an individual acting power of attorney could be subject to the State's jurisdiction for actions taken on behalf of another).

[7] Outside the allegations of the complaint, there is no competent evidence that Pendergrass withdrew the money, but we construe the allegations of the complaint in favor of ERSGA. (Punctuation omitted.) *Weathers v. Dieniahmar Music, LLC*, 337 Ga. App. 816, 819 (1), 823 (2) (b) (788 SE2d 852) (2016).

connected to the conduct she undertook in this State.[8] Accordingly, the trial court erred by denying the motion for default judgment and dismissing the case.

2. ERSGA also contends that the trial court erred by finding that venue was improper in Fulton County. We agree. Because Pendergrass failed to appear, she waived the issue of venue.[9]

*Judgment reversed. Reese, J., concurs. Miller, P. J., concurs in judgment only.* \*

**\*THIS OPINION IS PHYSICAL PRECEDENT ONLY. COURT OF APEALS RULE 33.2 (a).**

---

[8] See, e.g., *HTL Sp. Z O.O. v. Nissho Corp.*, 245 Ga. App. 625, 626-267 (538 SE2d 525) (2000) (holding that "purposeful activity by [the defendants] in Georgia related either directly or indirectly to the subject of the suit" constituted sufficient evidence to subject the defendants to long-arm personal jurisdiction). See *Fischer v. Ulysses*, Case No. 15-6024901 at 22-23 (Conn. Sup. Ct., decided Feb. 11, 2016) (withdrawal of funds from a bank by a nonresident corporate officer constituted business transactions subjecting the officer to personal jurisdiction for allegations of fraud committed by her company) (persuasive authority).

[9] See *Padgett Masonry & Concrete Co. v. Peachtree Bank & Trust Co.*, 130 Ga. App. 886, 887 (2) (204 SE2d 807) (1974).