**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**November 22, 2022**

# In the Court of Appeals of Georgia

A22A1503. ESTATE OF SUDDETH v. WILLIAMS.

MERCIER, Judge.

The trial court held Roy Kelly, as Administrator of the Estate of Roy A. Suddeth, in contempt for Suddeth's failure to pay certain sums to his ex-wife, Carolyn. Kelly appeals, arguing that the trial court erred in finding him in contempt. For reasons that follow, we reverse.

The record shows that Suddeth and Carolyn divorced in 1996, and they executed a settlement agreement that was incorporated into the divorce decree. The agreement obligated Suddeth to pay Carolyn a percentage of the proceeds from specified real estate and business transactions, as well as monthly alimony. Suddeth died in April 2017. Almost one year later, on March 1, 2018, Carolyn filed a contempt action against Suddeth's estate ("the estate"), asserting that she had not

been paid real estate proceeds that she was owed under the divorce decree. She later amended her complaint to add a claim for alimony that Suddeth allegedly failed to pay prior to his death. As to both claims, Carolyn asked the trial court to order the estate to pay the amount owed plus attorney fees.

The estate moved to dismiss the contempt action, raising several arguments, including that the estate was not a legal entity that could be sued and that neither it, nor its administrator, had engaged in contemptuous conduct. At some point during the proceedings, Carolyn died, and Jennifer Suddeth Williams, executor of Carolyn's estate, was substituted as the party plaintiff. Williams's counsel subsequently made clear that all alleged violations of the divorce decree were committed by Suddeth before he died. Counsel also admitted at a hearing on the estate's motion to dismiss that Carolyn's right to recover the sums at issue accrued before Suddeth's death and "quite frankly before Mr. Kelly" became involved in the estate matter.

The trial court denied the motion to dismiss and held a bench trial on the contempt allegations. Based on the evidence presented, the court concluded that Suddeth had sold real estate without giving Carolyn her share of the proceeds and failed to pay alimony from the end of 2015 until his death in 2017. It found "the Defendant" (identified in the case style as "Estate of Raymond A. Suddeth") in

2

contempt of the divorce decree and ordered Kelly to pay Williams the sums due plus attorney fees out of the estate assets.

We granted the estate's application for discretionary review, which led to the first appeal in this matter. See *Estate of Suddeth v. Williams*, 361 Ga. App. 433 (864 SE2d 630) (2021). Addressing the estate's claim that it was not a proper party to the contempt action, we explained that in most cases, a suit seeking to bind an estate must be brought against the estate's personal representative. See id. at 434. This is because "a suit filed solely against an estate is a legal nullity." Id. We also noted, however, that this pleading defect can be waived by an estate representative under certain circumstances. See id. at 436. Without ruling on the merits of the estate's motion to dismiss, we vacated the contempt order and remanded for the trial court to address whether Williams had brought suit against a proper party. See id.

On remand, the trial court determined that Kelly had actively participated in the proceedings and had waived the pleading defect. It thus substituted "Roy Kelly, as administrator of the Estate of Raymond A. Suddeth, as the Defendant." The court then re-entered its prior order finding "the Defendant" in contempt of the divorce decree. The "Defendant" — at this point, Kelly, as administrator of the estate — again requested discretionary review, and we granted the application. This appeal followed.

3

Kelly argues that neither he nor the estate can be found in contempt here. We agree. A court may hold a party in contempt for violating a court order. See OCGA § 15-1-4 (a) (3). Generally, however, "[a] person cannot be found in contempt of a court order or writ which was not directed to him." *American Express Co. v. Baker*, 192 Ga. App. 21, 23 (2) (383 SE2d 576) (1989). See also *In re Hadaway*, 290 Ga. App. 453, 457 (659 SE2d 863) (2008). Kelly and the estate were not parties to the divorce decree.

We recognize that a nonparty that knowingly violates a court order while representing a party to that order "may be held in contempt." *Sullivan v. Bunnell*, 340 Ga. App. 283, 291 (2) (797 SE2d 499) (2017) (footnote omitted). But the nonparty must violate the order. See id. In this case, Williams contends that *Suddeth* committed the conduct giving rise to the contempt action. She does not claim that Kelly, an attorney later appointed by the probate court to administer Suddeth's estate, or the estate took part in the contemptuous conduct, all of which occurred before Suddeth died. Moreover, we have not found — and Williams has not cited[1] — any evidence that Kelly had a pre-death relationship with Suddeth that might support the

---

[1] In fact, Williams did not file a brief of appellee.

conclusion that Kelly was in privity with Suddeth or acted in concert with him in violating the divorce decree. Kelly is simply a court-appointed estate administrator.

A contempt adjudication must be affirmed if there is any evidence to support it. See *Jones v. Jones*, 298 Ga. 762, 767 (1) (787 SE2d 682) (2016). Kelly, however, cannot be held in contempt for Suddeth's failure to pay Carolyn monies owed under the divorce decree. See *The Bootery v. Cumberland Creek Properties*, 271 Ga. 271, 272 (2) (517 SE2d 68) (1999) ("Most jurisdictions . . . require that the nonparty be in privity with, aid and abet, or act in concert with the named party in acts constituting a violation of the order."). Although Williams believes that Suddeth's estate owes money to Carolyn's estate, a contempt action filed against Kelly was not the proper vehicle for seeking payment.[2] Accordingly, because the evidence does not support the judgment finding Kelly in contempt, we reverse. See *The Bootery*, supra at 272-273 (2) (trial court erred in holding nonparty to court order in contempt for violating the order where nonparty was not in privity with a party to that order); *Yarbrough v. First Nat. Bank*, 143 Ga. App. 399, 399-400 (238 SE2d 758) (1977)

---

[2] We express no opinion on whether our analysis would differ had Suddeth been alive and named as the defendant in the contempt action, then replaced as the defendant by Kelly mid-suit following his death.

5

(order of contempt reversed where defendant did not violate a court order directed at him).

*Judgment reversed. Dillard, P. J., and Markle, J., concur.*